1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| JAMES E. SMITH, | CASE NO. 1:06-cv-01434-LJO-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| BOARD OF PRISON TERM PERSONNEL, et al., | |
| Defendants. | |

9
10
11
12
13
14
15
16

I.      Screening Order

        A.      Screening Requirement

        Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 16, 2006.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

     B.    <u>Plaintiff's Claims</u>

Plaintiff is an inmate currently housed at Kern Valley State Prison ("KVSP") in Delano, California. The defendants named in this action are unidentified Board of Prison Terms ("BPT") personnel, unidentified BPT supervisors and parole agents, Chief Psychiatrist Dr. Bindler, Warden Knowles, Associate Warden Crish Chrones, former Warden Castro, Associate Warden N. Dill, and Counselor A. Lane. Plaintiff is seeking money damages, and injunctive relief.

The court has reviewed plaintiff's complaint in its entirety and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff will be provided with the opportunity to file an amended complaint. In the subsections that follow, plaintiff is provided with the legal standards applicable to the claims he is attempting to pursue. In amending his claims,

1  plaintiff should carefully review the standards that apply and amend only those claims that he

2  believes, in good faith, are cognizable under section 1983.

3          1.      Linkage Requirement

4  The Civil Rights Act under which this action was filed provides:

5          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
6          of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
7          or other proper proceeding for redress.

8  42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal

9  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

10  (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the

11  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

12  Section 1983 offers no redress." Id.

13          Section 1983 plainly requires that there be an actual connection or link between the actions

14  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

15  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A

16  person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

17  if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

18  an act which [that person] is legally required to do that causes the deprivation of which complaint

19  is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588

20  F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by

21  some kind of direct, personal participation in the deprivation, but also be setting in motion a series

22  of acts by others which the actor knows or reasonably should know would cause others to inflict the

23  constitutional injury.'"  Id. (quoting Johnson at 743-44).

24          Plaintiff's allegations do not link any acts or omissions of the named defendants to a violation

25  of his plaintiff's rights under federal law.  Accordingly, plaintiff fails to state any claims upon which

26  relief may be granted under section 1983.  Plaintiff's amended complaint must set forth sufficient

27  facts linking each named defendant to an action or omission that demonstrates a violation of

28  plaintiff's rights.

3

2.   <u>Denial of Due Process</u>

The Due Process Clause protects against the deprivation of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law. <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." <u>Wilkinson</u>, 125 S.Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's conclusory allegation that BPT personnel failed to provide him with notice, a hearing, and an opportunity to confront his accuser is insufficient to give rise to a claim for relief under section 1983 for violation of the Due Process Clause.  It is impossible to tell from plaintiff's complaint what did or did not happen and in what context.  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad v. Close</u>, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)).  <u>Thus, plaintiff is warned that if he is challenging the fact or duration of his incarceration, he may *not* do so in this suit and must file a petition for writ of habeas corpus relief</u>.

Further, plaintiff's conclusory allegation that he was placed in administrative segregation ("ad-seg") for no reason and without notice is insufficient to support a due process claim because plaintiff does not have a protected liberty interest in remaining free from ad-seg. <u>Sandin</u>, 515 U.S. at 484; <u>Myron</u>, 476 F.3d at 718; <u>see also</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state

4

action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted).

### 3.    False Imprisonment

Under California tort law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). False arrest is not a different tort. Id. Rather, "'it is merely one way of committing a false imprisonment.'" Id. "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff's claim that his placement in ad-seg constitutes false imprisonment is patently frivolous. No false imprisonment lies as a result of plaintiff's conditions of confinement.

### 4.    Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at

issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. <u>Harbury</u> 536 U.S. at 415, 121 S.Ct. at 2187; <u>Lewis</u>, 518 U.S. at 351, 116 S.Ct. at 2180; <u>Phillips</u>, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." <u>Phillips</u>, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. <u>Id</u>. at 1078-79.

Although plaintiff alleges that he is being denied access to the courts, plaintiff has not alleged any facts demonstrating that he has suffered an actual injury in a qualifying court case as a direct result of one or more of the defendants' actions or omissions. Accordingly, plaintiff fails to state a claim for denial of access to the courts.

5. <u>Equal Protection Claim</u>

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although plaintiff alleges that he was discriminated against, plaintiff has alleged no facts which support an equal protection claim.

///

6

1          6.      Mental Health Care

2          Plaintiff alleges that Dr. Bindler failed to hold a competency hearing.  Although plaintiff

3   alleges his right to due process was violated, there are no facts supporting such a claim.  Plaintiff

4   should review the due process standard provided in this order.

5          To the extent that plaintiff's claim is based on the failure to provide for his mental health care

6   needs, the claim would fall within the purview of the Eighth Amendment.  To constitute cruel and

7   unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the

8   wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A

9   prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

10  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of

11  life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"

12  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732,

13  744 (9th Cir. 2002) (citation omitted)).

14         7.      Retaliation Claim

15         Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

16  the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

17  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

18  F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

19  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

20  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

21  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

22  a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

23         Plaintiff's allegation that defendant Knowles had him beaten and placed in ad-seg in response

24  to the lawsuit he filed comes the closest to stating a claim.  However, plaintiff's factual allegations

25  are not sufficient to put defendant or the court on notice as to the basis for plaintiff's claim.  It is not

26  clear when the event occurred, where it occurred, and how defendant Knowles was involved in the

27  incident.  Plaintiff's allegation therefore falls short of being sufficient to state a claim.

28  ///

1          8.   Conspiracy

2          In the context of conspiracy claims brought pursuant to section 1983, such a complaint must

3 "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v.

4 County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

5 Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

6 acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v.

7 State of California, 497 F.2d 197, 200 (9th Cir. 1974).

8          Although plaintiff alleges the existence of a conspiracy, plaintiff has not alleged any facts

9 supporting the existence of a conspiracy between defendants.  Further, plaintiff has not alleged facts

10 demonstrating that defendants violated his constitutional rights.  In order to state a cognizable claim

11 for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying

12 constitutional right.

13      C.   Conclusion

14          The court finds that plaintiff's complaint fails to state any claims upon which relief may be

15 granted.  The court will provide plaintiff with the opportunity to file an amended complaint curing

16 the deficiencies identified by the court in this order.

17          Plaintiff is informed he must demonstrate in his complaint how the conditions complained

18 of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

19 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

20 involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21 connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

22 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

23 743 (9th Cir. 1978).

24          Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

25 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

26 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

27 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

28 ///

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.


     IT IS SO ORDERED.

     **Dated:    March 27, 2007**                          **/s/ Dennis L. Beck**
3b142a                                                UNITED STATES MAGISTRATE JUDGE