# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF PRISON TERM<br>PERSONNEL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01434-LJO-NEW (DLB) PC<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 17)<br><br>ORDER STRIKING UNSIGNED FILING<br><br>(Doc. 18) |

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2007, plaintiff filed a "Motion for Prospective and Permanent Injunctive Relief," and a "Notice of Motion and Motion for Injunctive Relief." (Docs. 17, 18.) Plaintiff's "Notice of Motion and Motion for Injunctive Relief" is unsigned and shall be stricken from the record for that reason. Local Rule 7-131; Fed. R. Civ. P. 11(a).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

1  Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to
2  suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government
3  agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal
4  affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.
5  362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations
6  are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny
7  injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of
8  proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679
9  (1974)).

10         In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
11  which provides in relevant part, "Prospective relief in any civil action with respect to prison
12  conditions shall extend no further than necessary to correct the violation of the Federal right of a
13  particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
14  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
15  violation of the Federal right, and is the least intrusive means necessary to correct the violation of
16  the Federal right." 18 U.S.C. § 3626(a)(1)(A).

17         On March 29, 2007, the Court dismissed plaintiff's complaint, with leave to amend, for
18  failure to state any claims upon which relief may be granted, and on June 14, 2007, the Court granted
19  plaintiff's motion for a thirty-day extension of time to file an amended complaint. Thus, at this
20  juncture there is no actual case or controversy pending before the Court. Further, until such time as
21  one or more defendants are served with process and make an appearance in this action, the Court has
22  no jurisdiction to issue any orders directed at defendants. Zepeda v. United States Immigration
23  Service, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff's motion for relief is premature and shall be
24  denied for that reason.
25  ///
26  ///
27  ///
28  ///

1  Based on the foregoing, plaintiff's motion for injunctive relief (document 17) is DENIED
2 as premature, and plaintiff's notice of motion and motion (document 18) is STRICKEN for lack of
3 signature.

5 IT IS SO ORDERED.

6 **Dated:    July 5, 2007**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE