# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF PRISON TERM PERSONNEL, et al.,<br><br>    Defendants. | CASE NO. 1:06-cv-01434-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Docs. 15 and 20)<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2007, the court dismissed plaintiff's complaint for failure to state any claims upon which relief may be granted and ordered plaintiff to file an amended complaint within thirty days from the date of service of the order. On June 14, 2007, the court granted plaintiff's request for a thirty-day extension of time to file an amended complaint. More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 16, 2006. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to file an amended complaint warned plaintiff that dismissal, with prejudice, for failure to obey a court order and failure to state a claim would result if he failed to comply with the court's order. Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

1  Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to obey a court
2 order and failure to state a claim upon which relief may be granted. This dismissal shall count as
3 a strike pursuant to 28 U.S.C. § 1915(g).

5  IT IS SO ORDERED.

6 **Dated:     August 14, 2007**                             /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE