# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF PRISON TERM PERSONNEL, et al.,<br><br>　　　　　　Defendants.　　　　　　／ | CASE NO. 1:06-cv-01434-LJO-NEW (DLB) PC<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENT<br><br>(Doc. 24) |

Plaintiff James E. Smith ("plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis in this civil action. On August 16, 2007, the Court dismissed this action, with prejudice, for failure to state a claim upon which relief may be granted and failure to obey a court order. On September 17, 2007, plaintiff filed a motion to set aside judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "The Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be

///

utilized only where extraordinary circumstances prevented a party from taking timely action . . . .'" Id. (quoting <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion is not supported by any coherent argument that he is entitled to relief from judgment pursuant to Rule 60(b)(1) or 60(b)(6). Plaintiff has not met his burden as the moving party, and plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

**Dated:     September 21, 2007**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE